**IN THE MIDDLE DISTRICT OF FLORIDA**
**UNITED STATES DISTRICT COURT**
**TAMPA DIVISION**

**LAURIA KNIGHT,**

      **Plaintiff,**

**vs.**                              **CASE NO.:** _____

**ALLEGIANT AIR LLC,**
**a Foreign Limited Liability Company,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, LAURIA KNIGHT, by and through her undersigned attorneys, hereby sues the

Defendant, ALLEGIANT AIR LLC, a foreign limited liability company and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.      Venue lies within the United States District Court for the Middle District of Florida,

Tampa Division because a substantial part of the events giving rise to this claim occurred in this

Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, LAURIA KNIGHT, is a resident of Clearwater, Pinellas County, Florida.

4.      Defendant, ALLEGIANT AIR LLC, is a foreign corporation, licensed and

authorized to conduct business in the State of Florida and doing business within this Judicial

District.

5.      Defendant, ALLEGIANT AIR LLC, is an employer as defined by the laws under

which this action is brought and employs the required number of employees.

## **FACTS**

6.     On or about September 7, 2015, Plaintiff, an African American female, began her employment with Defendant, ALLEGIANT AIR LLC, as a Customer Service Agent.

7.     In mid-2018, Defendant hired Mr. Edward Toon to serve as the General Manager. Plaintiff originally had no issues with Mr. Toon.  In August 2018, however, a flight went out late and she was called to Mr. Toon's office.  At that meeting, Mr. Toon blamed Plaintiff for the late flight, and yelled at Plaintiff so loudly that it was overheard by co-workers.

8.     Following that meeting, an assistant manager who saw Plaintiff upset suggested that she contact the Human Resource department, which Plaintiff did.

9.     Plaintiff spoke with Ms. Anna Mortimer in Human Resources, who set up a call with herself, Plaintiff, and Mr. Toon.  On that call, Plaintiff objected to the way Mr. Toon had addressed her in the prior meeting.  He responded that she brought that on herself, and again brought up the late flight.  When Plaintiff tried to respond and communicate her concerns, they accused her of being "aggressive" and "uncooperative."

10.     On or around August 15, 2018, Plaintiff lodged a complaint pertaining to the inappropriate conduct of intimidation and harassment by Mr. Toon and Ms. Mortimer.

11.     During this time, Plaintiff had been on light duty in connection with issues resulting from a car crash.  On or around August 16, 2018, however, Defendant terminated Plaintiff's light duty status.

12.     On or about August 18, 2018, Mr. Toon sent Plaintiff home without pay for three (3) days and told that her doctor needed to resubmit medical forms for light duty indicating her restrictions.

13.     On or about August 22, 2018, Plaintiff was offered a light duty assignment to lobby

assist only.  Eventually, however, Defendant stopped assigning Plaintiff any shifts.

14.     On or about September 28, 2018, after Plaintiff sent a follow up email to see when she would be assigned shifts to work.  In response, Plaintiff received a resignation offer via email from Adriana Ramirez in Human Resources.  Plaintiff, however, had no desire to resign.

15.     On or around September 29, 2018, Plaintiff learned that Mr. Toon had emailed her coworkers stating that Plaintiff was terminated and that her badge was disabled.

16.     On or about October 1, 2018, Plaintiff was placed on a forced Leave of Absence.

17.     Throughout this time, Plaintiff had sought available shifts to fill, but Defendant told her there were no shifts available.

18.     Plaintiff has been subjected to different terms and conditions than other employees outside her protected status.  For example, Stacy (last name unknown), a white female employee of Defendant, was placed on medical leave for a year and returned to work in a light duty position. Defendant, however, has not allowed Plaintiff to resume light duty work.

19.     To date, Plaintiff's request for an ADA accommodation to work light duty has not been approved and Plaintiff has not been scheduled to return to work.

## COUNT I
## TITLE VII - RACE DISCRIMINATION

20.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

21.     Plaintiff is a member of a protected class under Title VII.

22.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act.

23.     Defendant knew, or should have known of the discrimination.

24.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

       a.     Back pay and benefits;

       b.     Interest on back pay and benefits;

       c.     Front pay and benefits;

       d.     Compensatory damages for emotional pain and suffering;

       e.     Punitive damages;

       f.     For costs and attorney's fees;

       g.     Injunctive relief;

       h.     For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

### COUNT II
### <u>TITLE VII - RETALIATION</u>

25.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

26.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

27.     The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq*.

28.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will to continue to suffer damages, including, but not limited to, the following:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Interest on front pay and benefits;

e.      Compensatory damages, including those for emotional pain and suffering;

f.      Punitive damages;

g.      Injunctive relief;

h.      Attorney's fees and costs; and

i.      All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## 42 U.S.C. § 1981 DISCRIMINATION

29.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

30.    Plaintiff is a black female.

31.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

32.    Defendant knew, or should have known of the discrimination.

33.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

a.      Back pay and benefits;

b.       Interest on back pay and benefits;

c.       Front pay and benefits;

d.       Compensatory damages for emotion pain and suffering;

e.       Punitive damages;

f.       For costs and attorney's fees;

g.       Injunctive relief;

h.       For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## 42 U.S.C. § 1981 RETALIATION

34.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

35.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by 42 U.S.C. § 1981.

36.     The above described acts of retaliation constitute a violation of 42 U.S.C. § 1981.

37.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.       Back pay and benefits;

b.       Interest on back pay and benefits;

c.       Front pay and benefits;

d.       Prejudgment and post-judgment interest;

e.    Compensatory damages for emotional pain and suffering;

f.    Punitive damages;

g.    Injunctive relief;

h.    Reasonable attorneys' fees and costs;

i.    Any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, LAURIA KNIGHT, demands judgment against the Defendant, ALLEGIANT AIR LLC, in the form of economic damages, including back pay and the value of any lost benefits and seniority rights, plus prejudgment and post-judgment interest, reinstatement, front pay, damages for emotional distress, humiliation, embarrassment and inconvenience, punitive damages, reasonable attorneys' fees, expert fees, costs, and any other such relief that the Court deems just and proper.

**COUNT V**
**<u>AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 –</u>**
**<u>DISABILITY DISCRIMINATION</u>**

38.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

39.    Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

40.    Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

41.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and

discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

42.     Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability, record of a disability and/or perceived disability.

43.     The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

44.     Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

45.     As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, prays for judgment against Defendant, ALLEGIANT AIR LLC, and for the following damages:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.     Punitive damages;

f.     Attorney's fees and costs; and

g.     For any other relief this Court deems just and equitable.

## COUNT VI
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

46.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

paragraphs 1 through 19.

47.     Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

48.     The above described acts constitute retaliation, in violation of the ADAAA.

49.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, prays for judgment against Defendant, ALLEGIANT AIR LLC, and for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Punitive damages;

    f.    Attorney's fees and costs; and

g.      For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT - RACE DISCRIMINATION

50.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

51.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

52.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of the Florida Civil Rights Act.

53.     Defendant knew, or should have known of the discrimination.

54.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Punitive damages;

f.      For costs and attorney's fees;

g.      Injunctive relief;

h.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

**COUNT VIII**
**FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION**

55.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

56.     As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

57.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

58.     Plaintiff requested and was denied a reasonable accommodation.

59.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a.     Back pay and benefits;

   b.     Interest on back pay and benefits;

   c.     Front pay and benefits;

   d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e.     Pecuniary and non-pecuniary losses;

   f.     Attorney's fees and costs; and

   g.     For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IX
## <u>FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION</u>

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 19.

61. As described above, Plaintiff suffered an adverse employment action (termination) for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

62. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

63. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorney's fees;

      g.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, LAURIA KNIGHT, demands a trial by jury and judgment against Defendant, ALLEGIANT AIR LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## <u>DEMAND FOR JURY TRIAL</u>

64. Plaintiff, LAURIA KNIGHT, demands a trial by jury on all issues so triable.

**DATED** this 21st day of November, 2019.

FLORIN GRAY BOUZAS OWENS, LLC.

/s/ *Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
scott@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255; (727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*